## TOTTEN a. MONELL.

*New York Common Pleas; General Term, April*, 1858.

EXAMINATION OF PARTIES.—REQUISITE NOTICE.

In an action in a justice's court, the notice of the intended examination of a party, under section 399 of the Code, is in time, if it is served within the required number of days before the day on which the trial actually takes place, without reference to the time of the return of the process.

*It seems*, that if the trial is had before the required number of days have elapsed, the party cannot be examined, although his notice was served at the commencement of the action.

Appeal from judgment of the District Court of the first judicial district of the city of New York.

The facts are sufficiently stated in the opinion.

BY THE COURT.—BRADY, J.—The defendant was sued in the District Court for the first judicial district of this city, by summons issued December 29, 1857, which, together with a verified complaint, and a notice of the intended examination of the defendant in his own behalf, was served on December 31, 1857, the summons being returnable on January 8, 1858. On the return day, the cause was duly adjourned to January 15, 1858, and no other notice of the examination of the plaintiff was served.

Upon the trial, the defendant objected to the examination of the plaintiff, upon the grounds that the notice should have been served ten days before the return day in the summons, and that, if the plaintiff could not have been examined on that day under the notice served, he could not be at any subsequent period.

The statute referred to (*Code*, § 399) provides that a party may be examined in his own behalf, the same as any other witness, but that such examination shall not be had unless ten days' notice of such intended examination shall be given in writing to the adverse party.* The notice *relates to the trial*,

---

* By the amendment of 1858, it is provided, that in all other cases than actions in courts of record, where ten days notice is still requisite, the length of notice shall be *four* days.

and not to the return of the process; and if the trial takes place before the expiration of the ten days, then the party designing to be examined must lose the benefit of his notice and the statute. The 13th section of the act of 1857, in relation to the district courts, provides, that in cases where neither the defendant nor the plaintiff are non-residents of the city, the summons issued from such courts shall be returnable not more than twelve days from its date, and must be served at least six days before the time of appearance. This authorizes a summons returnable in seven days, and a trial on the return-day may, and indeed often does occur. If, in such a case, the plaintiff or defendant serve a notice of intended examination, as prescribed by the Code, the examination could not be had, inasmuch as the law-makers have not provided a different rule for courts proceeding summarily from that which, in this respect, applies to all courts of civil jurisdiction. Section 27 of the act relating to the district courts, *supra*, also provides that when either plaintiff or defendant asks for an adjournment for a period longer than eight days, an undertaking must be executed, with sufficient sureties, to the effect that the person so applying will pay the damages, costs, and extra costs, in case judgment shall be rendered against him. If the notice of intended examination be served less than ten days before the day of appearance, although served with the summons, and a new notice is necessary for that reason, then, to make it effective, an adjournment would be necessary for a period of ten days at least, and, to procure it, the applicant would have to furnish the undertaking, which would be required as heretofore stated. That the Legislature did not intend this, is apparent from the language of section 399; and section 407 of the Code, which provides that the time within which an act is to be done, as provided by the Code, shall be computed by excluding the first day and including the last. The last day of the ten days is the day of the trial, when the time for the examination of the party has arrived. It is true that the summons may be made returnable in twelve days from the time it is issued, but it is not indispensable that it should be done; the party notifying must take the chances of a lapse of the proper period before the time of the trial. The objection to the examination of the plaintiff, therefore, was not well taken, and the decision of the justice must be sustained.

Upon the other questions presented, we held, on the argument, that the rulings of the justice were proper; and the finding of the justice being sustained by the evidence, the judgment must be affirmed.